IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Josiah David Roise, et al., ) | |
| ) | |
| Plaintiffs, ) | **ORDER AND REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| Minot Police Department, et al., ) | Case No. 1:25-cv-083 |
| ) | |
| Defendants. ) | |

Plaintiffs Josiah Roise, Karen Roise, David Roise, Isaiah Roise, and Elijah Roise initiated the above-captioned action with the filing of a paid *pro se* complaint on April 11, 2025. (Doc. No. 1). On April 14, 2025, the Clerk issued summonses to Plaintiffs for service on Defendants. (Doc. No. 3).

On June 23, 2025, counsel filed a notice of special appearance on behalf of Defendants. (Doc. No. 20). Therein counsel asserted that Defendants had not been properly served, adding that his special appearance did not constitute a waiver of required service of process. There has since been no apparent activity in this case.

Two things are worth noting. First, the complaint is signed by only one of the five named Plaintiffs, i.e., Josiah David Roise. Josiah David Roise is not licensed to practice law in this district. Consequently, he can represent himself but is not authorized to represent others in this matter. See Jones ex. rel., 401 F.3d at 952 (8th Cir. 2005) (affirming the district court's order of dismissal on motion by a defendant of an action filed by a non-attorney on behalf of others); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."); see also D.N.D. Gen. L.R. 1.3 (B) and (C) (setting forth the eligibility and admission requirements

1

for the bar of this court); cf. Jones ex. rel. v. Corr. Med. Servs., 401 F.3d 950, 951–52 (8th Cir. 2005) (finding that a non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); cf. Gross v. United States, No. 06–4211, 2009 WL368664, at * 1 (D.S.D. Feb. 13, 2009) (opining that a pro se plaintiff was "not permitted to litigate the claims of the Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the practice of law on behalf of others").

The Court "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it." Ramirez v T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016). In exercise of this authority, the Court should not permit Josiah David Roise to proceed against Defendants on behalf of other Plaintiffs. Cf. Jones ex. rel., 401 F.3d at 952 (8th Cir. 2005).

Second, it does not appear that Plaintiffs have properly served Defendants. Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that Plaintiffs are responsible for serving Defendants with summonses and copies of the complaint. Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) establishes the time frame in which service must be effectuated. Specifically, it provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Approximately 167 days have lapsed since Plaintiffs filed their complaint. The summonses issued for Defendants have not been returned executed and Plaintiffs have not otherwise filed proof of service. Consequently, there is nothing in the record to evince that Plaintiffs served Defendants within the 90-day window prescribed by Rule 4(c), much less at any point since they initiated this

action. This action is therefore subject to dismissal in its entirety without prejudice for failure to prosecute.  See Fed. R. Civ. P. 4(m); see also Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have the inherent power to dismiss *sua sponte* for failure to prosecute, and we review the exercise of this power for abuse of discretion.").

Plaintiffs shall have until October 17, 2025, to file: (1) an Amended Complaint signed by all other Plaintiffs who still wish to proceed with action; and (2) proof they have served Defendants with summonses and copies of their Complaint.  Should Plaintiffs fail to file an Amended Complaint as directed, the undersigned **RECOMMENDS** that the Court **DISMISS** this action without prejudice as to Plaintiffs Karen Roise, David Roise, Isaiah Roise, and Elijah Roise.  Should Plaintiffs file an Amended Complaint signed by some but not all Plaintiffs, the undersigned **RECOMMENDS** that the Court dismiss this action without prejudice as to Plaintiffs who have not signed the Amended Complaint.  Finally, should Plaintiffs fail to file proof of service as directed, the undersigned **RECOMMENDS** that the Court **DISMISS** this action in its entirety without prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have until October 17, 2025, file objections to this Report and Recommendations.  D.N.D. Civil L.R. 72.1(D)(3),  Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 29th day of September, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3